CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 24 2019
JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PATRICIA GERALD and <br> TARSHA GERALD, <br><br> Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF VIRGINIA, et al., <br><br> Defendants. | Civil Action No. 3:19CV00022 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> Senior United States District Judge |

Patricia Gerald ("Patricia") and her daughter, Tarsha Gerald ("Tarsha"), proceeding pro se, commenced this action by filing a form complaint against the Commonwealth of Virginia; two officers with the Albemarle County Police Department, R. Scopelliti and S. Miller; Albemarle County Deputy Commonwealth's Attorney Darby Lowe; and Albemarle County Circuit Court Judge Cheryl Higgins. The plaintiffs have not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of their complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Background

The following facts are taken from the complaint and public records of state court proceedings related to the case. See Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record" when reviewing a complaint).

On May 26, 2013, Patricia and Tarsha were involved in a two-vehicle accident in Albemarle County. The plaintiffs' vehicle rear-ended a vehicle operated by Paul Welch. Tarsha

claimed to own the plaintiffs' vehicle and gave Welch her information. The plaintiffs then returned to their vehicle and drove away.

Officer Scopelliti subsequently responded to the scene of the accident and spoke to Welch. Scopelliti relayed the information provided by Welch to a dispatcher. Officer Miller heard the dispatch and located the plaintiffs' vehicle in the parking lot of an apartment complex. Miller spoke to the plaintiffs and checked the status of their drivers' licenses. Miller then relayed the information he obtained to Scopelliti.

Scopelliti obtained warrants of arrest against Patricia and Tarsha for operating a motor vehicle while on a suspended license, third or subsequent offense, in violation of Virginia Code § 46.2-301. Patricia and Tarsha were tried together by the Albemarle County General District Court on October 8, 2013. The Commonwealth's evidence indicated that Patricia was driving the plaintiffs' vehicle at the time of the accident and that Tarsha drove the vehicle away from the scene. In defense of the charges, Patricia and Tarsha both denied driving when they testified on direct examination. The general district court discredited their testimony and found them guilty of the offenses with which they were charged. Patricia and Tarsha appealed their convictions to the Albemarle County Circuit Court. At some point thereafter, they were both indicted for perjury based on their testimony before the general district court.

Patricia and Tarsha were tried together by the circuit court on the charges of perjury and driving while on a suspended license. On November 19, 2015, the circuit court found Patricia and Tarsha guilty of both charges. Their convictions were affirmed by the Supreme Court of Virginia on May 31, 2018. See Gerald v. Commonwealth, 813 S.E.2d 722 (Va. 2018).

Patricia and Tarsha filed a form complaint in the Eastern District of Virginia on January 18, 2019. On April 15, 2019, a judge in that district transferred the case to the Western District of Virginia after concluding that venue was improper there.

In the form complaint, the plaintiffs allege that Scopelliti and Miller provided false testimony at trial, and that Lowe, who prosecuted the cases for the Commonwealth, and Judge Higgins, the presiding circuit court judge, knew or should have known that the officers' testimony was false. The plaintiffs indicate that they are now suing for violations of their rights under the Sixth and Fourteenth Amendments to the United States Constitution. They seek to recover damages in the amount of $75,000.

### Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiffs. Philips, 572 F.3d at 180. To survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

### Discussion

Because the plaintiffs characterize their action as one for violations of their federal constitutional rights, the court construes the complaint as being brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any "person" who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United

3

States. 42 U.S.C. § 1983. For the following reasons, the court concludes that the plaintiffs' complaint fails to state a plausible claim under § 1983 against any of the named defendants.

I. **Claims against the Commonwealth**

To state a claim under § 1983, a plaintiff must name a defendant who qualifies as a "person" within the meaning of the statute. The Supreme Court has made clear that "a state is not a 'person' for purposes of determining who can be sued under § 1983." Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the Commonwealth of Virginia is not subject to liability under § 1983 and any claims against it must be dismissed.

II. **Claims against the Individual Defendants**

The court must also dismiss the claims asserted against the individual defendants. With respect to the plaintiffs' claim that Scopelliti and Miller provided false testimony at trial, "such claim is subject to dismissal because the Supreme Court has specifically held that police officers are immune from an action arising under § 1983 for alleged perjury." Smith v. McCarthy, 349 F. App'x 851, 858 n.10 (4th Cir. 2009) (citing Briscoe v. LaHue, 460 U.S. 325, 242-43 (1983)). The court likewise concludes that Judge Higgins and Darby Lowe are immune from liability. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (discussing judicial immunity and explaining that it "is not overcome by allegations of bad faith or malice"); Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) (observing that "[a] prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process'") (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994) (noting that "[t]he Court in Imbler specifically held that the presentation of false testimony in court is a charge for which the prosecutor is afforded absolute immunity").

4

## Conclusion

For the reasons stated, the court will grant the plaintiffs' motion for leave to proceed in forma pauperis. However, their complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiffs.

DATED: This 24th day of April, 2019.

                                                Senior United States District Judge